Matter of Attorneys in Violation of Judiciary Law § 468-a (Valkova-Vasileva) (2025 NY Slip Op 04825)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Valkova-Vasileva)

2025 NY Slip Op 04825

Decided on August 28, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 28, 2025

PM-180-25
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Diana Mineva Valkova-Vasileva, Respondent. (Attorney Registration No. 4229365.)

Calendar Date:August 18, 2025

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, Fisher and Powers, JJ., concur. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Diana Mineva Valkova-Vasileva, Sofia, Bulgaria, respondent pro se.

Motion by respondent for an order reinstating her to the practice of law following her suspension by September 2024 order of this Court (Matter of Attorneys in Violation of Judiciary Law § 468-a, 230 AD3d 1498, 1520 [3d Dept 2024]; see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16; Rules of App Div, 3d Dept [22 NYCRR] § 806.16) and, in succession, for an order granting her leave to resign for nondisciplinary reasons (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.22).
Upon reading respondent's notice of motion and affidavit with exhibit sworn to April 30, 2025, her nondisciplinary resignation affidavit sworn to April 30, 2025 and the August 6, 2025 responsive correspondence from the Attorney Grievance Committee for the Third Judicial Department, and having determined, by clear and convincing evidence, that (1) respondent has complied with the order of suspension and the rules of this Court, (2) respondent has the requisite character and fitness to practice law, and (3) it would be in the public interest to reinstate respondent to the practice of law (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]), we grant her motion for reinstatement. Further, having determined that respondent is eligible to resign for nondisciplinary reasons, we grant her application and accept her resignation.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law, effective immediately; and it is further
ORDERED that respondent's application for leave to resign is simultaneously granted and her nondisciplinary resignation is accepted; and it is further
ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately, and until further order of this Court (see generally Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.22 [b]); and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to her.
Clark, J.P., Lynch, Reynolds Fitzgerald, Fisher and Powers, JJ., concur.